UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
IN RE:                                                              Case No.: 12-12467 (SMB)

Indhira G. Ramirez,                                                 CHAPTER 7

                                                        Debtor.

-------------------------------------------------------------------X
The Kurland Group; Gregory Messer,                                  Adv. Proc.:14-01798 (SMB)
in his capacity as Trustee,

                                                        Plaintiff,

                                       -against-

FNBN I, LLC,

                                                        Defendant.
-------------------------------------------------------------------X

## LOCAL RULE 7056-1(b) COUNTERSTATEMENT

      The defendant FNBN I, LLC (hereinafter also referred to as "FNBN I"), by its attorneys Frenkel, Lambert, Weiss, Weisman & Gordon, LLP, submits the following counterstatement to the plaintiffs' The Kurland Group and Gregory Messer, in his capacity as Trustee's statement of facts not in dispute.

      1.     On or about July 18, 2003, Indhira Ramirez ("Debtor") was induced to procure a loan for $346,750 from First National Bank of Arizona ("FNBA") and allegedly executed a corresponding note ("Note") and mortgage ("Mortgage").

      A:     Objects to the use of the word "induced" as conclusory, vague and lacking an identified subject actor, and not appropriate for a Rule 7056-1(b) Statement due to a lack of specificity, but Denies that Indhira Ramirez was induced.  Denies that this is a statement of undisputed facts, and Denies that the plaintiffs have established these facts, except Admits that

Indhira Ramirez executed a Note and a Mortgage on or about July 18, 2003 in the amount of $346,750 in favor of First National Bank of Arizona.

2. On or about January 17, 2006, JP Morgan Chase (hereinafter "Chase") initiated a foreclosure action against Debtor ("Chase Foreclosure Action"). *See* "Complaint," **Exhibit 2.**

A: Admits.

3. When the Chase Foreclosure Action was commenced, Chase testified that it could not find the Note. **Exhibit 2**, "Schedule C."

A: Denies, but Admits that a Schedule was attached to the unverified Complaint prepared by the attorneys that set forth that plaintiff could not locate the promissory note.

4. On or around September 17, 2007, First National Bank of Nevada ("FNBN"), filed a Motion to Substitute as Plaintiff in the Chase Foreclosure Action (the "First Motion to Substitute"). *See* Order of Justice Peter H. Mayer (the "Mayer Decision"), Defendant's **Exhibit G.**

A: Admits.

5. Justice Mayer denied the First Motion to Substitute based on his finding, inter alia, that FNBN had failed to establish Chase's ownership of the Note and Mortgage prior to initiating the Chase Foreclosure Action. *See* Defendant's **Exhibit G.**

A: Admits that defendant's Exhibit G is a true copy of the Decision by Justice Mayer, but otherwise refers all questions of law to the court, and refers the Decision by Justice Mayer to the court for the contents and substance thereof.

6.    On or around July 13, 2010, Defendant FNBN I, LLC ("FNBN I"), filed a Motion to Substitute as Plaintiff in the Chase Foreclosure Action (the "Second Motion to Substitute"). *See* "Notice of Cross Motion," **Exhibit 5.**

A:    Admits.

7.    In a decision dated February 18, 2011, Justice Paul J. Baisley, Jr. denied the Second Motion to Substitute based on his finding, inter alia, that FNBN I had failed to establish Chase's ownership of the Note and Mortgage prior to initiating the Chase Foreclosure Action (the "Baisley Decision"). *See* Defendant's **Exhibit H.**

A:    Admits that defendant's Exhibit H is a true copy of the Decision by Justice Baisley, but otherwise refers all questions of law to the court, and refers the Decision by Justice Baisley to the court for the contents and substance thereof.

8.    Justice Baisley found that "the purported endorsement of the note given by Ramirez to FNBN, which is on a separate page bearing FNBN's letterhead and is not dated, does not comply with the requirements of UCC §3-302." Defendant's **Exhibit H** at 5.

A:    Admits that defendant's Exhibit H is a true copy of the Decision by Justice Baisley, but otherwise refers all questions of law to the court, and refers the Decision by Justice Baisley to the court for the contents and substance thereof.

9.    The Baisley Decision was handed down after FNBN's takeover by the FDIC and the alleged transfer of the subject Mortgage to FNBN I. Defendant's **Exhibit H.**

A:    Admits.

10.    The "purported endorsement" referred to by Justice Baisley was attached as Exhibit 1 to the "Affidavit in Support of Motion to Substitute FNBN I, LLC as Plaintiff" and submitted in support of the Second Motion to Substitute. *See* "Affidavit in Support of Motion to Substitute FNBN I, LLC as Plaintiff," **Exhibit 1.**

A:    Admits that Plaintiff's Exhibit 1 is a true copy of the Affidavit by Lisa Magnuson, an officer of Residential Funding Company, which was a prior holder of the Note, but which was no longer a holder of the Note at the time that the Chase Foreclosure Action was commenced. Therefore, the exhibit attached to the Affidavit by Lisa Magnuson and referred to by Lisa Magnuson does not purport to be a copy of the original Note with all the allonges and endorsements either as of the time of the commencement of the Chase Foreclosure Action or as of the time that the Motion to Substitute was made.

11.    Chase has not filed for leave to appeal Justice Baisley's order dismissing the Chase Foreclosure Action. As such, its time having run to file an appeal the Baisley Decision is final and not subject to appeal. *See* CPLR 5513.

A:    Refers the Decision by Justice Mayer to the court for the contents and substance thereof, Admits that Chase has not filed for leave to appeal and its time to appeal has run, but Denies that the Baisley Decision is a final determination.

12.    Debtor's name is misspelled on the last page of the Contract of Sale in what is alleged to be her signature. *See* **Exhibit 9.**

A:    Defendant is not privy to the ways that Debtor spells her name and thus denies knowledge or information sufficient to make a determination as to whether Debtor's name is misspelled. Denies that this is a statement of undisputed facts, and Denies that the plaintiffs have established this fact.

13.    At the time the loan was made, Debtor did not have ownership of 11 Rainbow Court, the title having previously been assigned to Keisha McCloud ("McCloud"). *See* "Title Certification Page," annexed hereto as **Exhibit 11.**

A:    Denies.

14.    On or around December 13, 2002, Joseph and Myrna James (collectively, the "Jameses") owners and residents of 11 Rainbow Court at the time, conveyed the property to their daughter, McCloud. **Exhibit 11**

A:    Denies.

15.    McCloud took out a mortgage, secured by 11 Rainbow Court, which was financed by First Mutual Corporation (the "First Mutual Mortgage"). *See* "Deposition of Matthew Blank," pgs. 71-74; annexed hereto as **Exhibit 13.**

A:    Denies. *See, plaintiff's Exhibit 13, Blank Deposition, p. 22, l. 11 – p. 23, l. 8., p. 24, ll. 12 – 17, p. 40, ll. 10 – 22, p. 28, l. 23 – p. 29, l. 3.*

16. Because First Mutual Corporation was not licensed to make loans in New York State, Debtor was targeted to refinance and pay off the First Mutual Mortgage as an unsecured, short-sale loan. *See* **Exhibit 13**, pgs. 71-74.

A: Denies that Debtor was targeted to refinance and pay off an alleged First Mutual Mortgage, and denies knowledge or information sufficient to form a belief as to whether First Mutual Mortgage was licensed to make loans in New York State. Objects to the use of the word "targeted" as conclusory, vague and lacking an identified subject actor, and not appropriate for a Rule 7056-1(b) Statement due to a lack of specificity. Denies that this is a statement of undisputed facts, and Denies that the plaintiffs have established these facts.

17. The proceeds from the subject Mortgage were used, in part, to satisfy the First Mutual Mortgage. *See* HUD Disclosure and Payoff Analysis, annexed hereto as **Exhibit 14**; *see also* **Exhibit 13**, pgs. 71-74.

A: Denies knowledge of information sufficient to form a belief as to the facts stated therein, but Admits that the HUD-1 Settlement Statement appears to be the HUD-1 Settlement Statement signed by the parties at the closing of the subject mortgage loan. Denies that this is a statement of undisputed facts, and Denies that the plaintiffs have established these facts.

18. FNBN I's agents absconded with approximately $80,000.00 of the proceeds of the refinance. *See* HUD Disclosure and Payoff Analysis, **Exhibit 14.**

A: Denies.

19.     Both the subject Mortgage and the First Mutual Mortgage were serviced by the same "team," including then-attorney Matthew Blank, Frank Ciano, and Deen Salami.  **Exhibit 13**, pgs. 69-73.

A:     Objects to the use of the words "team" and "serviced" as vague and not appropriate due to their lack of specificity for a Rule 7056-1(b) Statement, and otherwise denies the facts stated therein.  Denies that this is a statement of undisputed facts, and Denies that the plaintiffs have established these facts.

20.     FNBA and FNBN, both banks which were alleged to have previously held the subject Mortgage, are failed banks.  Both banks were closed by the US Treasury based on a finding of unsafe and unsound practices and were taken over by the Federal Deposit Insurance Corporation (the "FDIC") in July 2008.  *See* **Exhibit 12.**

A:     Admits that plaintiff's Exhibit 12 appears to be at true copy of a Release by the Office of the Comptroller of the Currency, and refers the court to its contents for the substance thereof.  Denies that plaintiff's Exhibit 12 states that the banks were closed due to any other unsafe and unsound practices other than alleged unsafe and unsound practices relating to their undercapitalization.

21.     On February 25, 2013, FNBN 1 filed a Motion for Relief from the Automatic Stay ("Lift-Stay Motion").  *See* **Exhibit 4.**

A:     Admits.

22. On April 23, 2013, this Court issued an order from the bench for an evidentiary hearing on the Lift-Stay Motion.

A: Admits.

23. On May 30, 2013, FNBN I withdrew its Lift-Stay Motion. *See* **Exhibit 17.**

A: Admits.

24. Porzio, Bromberg & Newman, P.C., represented three entities that claimed ownership of the Note and Mortgage, FNBN, the FDIC, and FNBN I, in the Chase Foreclosure Action. See "Correspondence with Gary Fellner, Esq.," **Exhibit 8.**

A: Denies that this is a statement of undisputed facts, and Denies that the plaintiffs have established these facts. Denies knowledge of information sufficient to form a belief as to the facts stated therein.

Dated: New York, New York
November 10, 2014

Respectfully submitted,

Frenkel, Lambert, Weiss,
Weisman & Gordon, LLP

/s/Barry M. Weiss
By: Barry M. Weiss (BMW – 1869)
Attorneys for Defendant
One Whitehall Street
New York, New York 10004
(212) 344-3100
Our File No.: 01-040896-B00

To:
Yetta G. Kurland, Esq.
The Kurland Group

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X   **Case No.: 12-12467 (SMB)**
In Re:

       Indhira G. Ramirez,                                     **CHAPTER 7**

                                     Debtor.
---------------------------------------------------------------------X   **Adv. Proc.: 14-01798 (SMB)**
The Kurland Group,

                                     Plaintiff,

                  -against-

FNBN I, LLC,
---------------------------------------------------------------------X
                                     Defendant.

# LOCAL RULE 7056-1(B) COUNTERSTATEMENT



FRENKEL LAMBERT WEISS WEISMAN & GORDON, LLP

Attorneys for Plaintiff
53 Gibson Street
Bay Shore NY  11706
(631) 969-3100
F (212) 624-9350
Our File No.: 01-040896-B00

To:                              Service of a copy of the within is hereby admitted.

                                                        Dated: November 2014

Attorneys for

                        Yours, etc.

                        FRENKEL LAMBERT WEISS WEISMAN & GORDON, LLP